**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Scott Alan Grace<br>Terri L. Grace<br><br>          Debtor(s) | CHAPTER 13 |
| Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-1<br><br>          Moving Party<br>vs. | NO. 22-10818 PMM |
| Scott Alan Grace<br>Terri L. Grace<br><br>          Debtor(s)<br><br>Kenneth E. West<br><br>          Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition tax arrearage on the mortgage held by Movant on Debtors' residence is **$9,480.04**, which is itemized as follows:

| | |
|---|---|
| Post-Petition Tax Payments: | Tax payments of $3,942.68 and $930.33 for 2022;<br>Tax payments of $3,626.36 and $955.67 for 2023;<br>Tax payment of $25.00 paid August 23, 2024 |
| **Total Post-Petition Tax Arrears:** | **$9,480.04** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition tax payments of **$9,480.04**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition tax arrears of **$9,480.04** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 2024 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of **$1,461.83** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 25, 2024                /s/ Denise Carlon
                                         Denise Carlon, Esquire
                                         Attorney for Movant


Date:   December 4, 2024                 /s/ Michael P. Kelly
                                         Michael P. Kelly, Esq.
                                         Attorney for Debtors
                                         No Objection Without Prejudice
                                         To Any Trustee Rights Remedies

Date:   December 5, 2024                 /s/LeeAne O. Huggins
                                         Kenneth E. West
                                         Chapter 13 Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Scott Alan Grace<br>Terri L. Grace<br><u>Debtor(s)</u> | CHAPTER 13 |
| Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-1<br><u>Moving Party</u><br>vs. | NO. 22-10818 PMM |
| Scott Alan Grace<br>Terri L. Grace<br><u>Debtor(s)</u> | 11 U.S.C. Section 362 |
| Kenneth E. West<br><u>Trustee</u> | |

### ORDER

AND NOW, this _____ day of _____, 2024 at Philadelphia, upon consideration of this Stipulation, it is hereby ORDERED that:

The Court grants approval of the Stipulation executed by all parties. However, the Court retains discretion regarding entry of any further order.

_____
United States Bankruptcy Judge